579 So.2d 1156 (1991)
Leonard McCRAY, Appellee,
v.
NEW ENGLAND INSURANCE COMPANY, Appellant.
No. 22358-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
*1157 Patricia N. Miramon, Shreveport, for appellee.
Rountree, Cox, Guin & Blackman by Gordon E. Rountree, Shreveport, for appellant.
Before SEXTON, VICTORY and STEWART, JJ.
VICTORY, Judge.
Plaintiff sued defendant, a legal malpractice insurer, to recover for alleged malpractice of one of its insured. The trial judge awarded the plaintiff full recovery. Defendant appeals. We reverse.

FACTS
This suspensive appeal arises out of the Shreveport City Court. Plaintiff, Leonard McCray, was injured in an automobile accident and sought professional legal assistance from attorney B.J. Woods. Upon the advice of Woods, plaintiff went to see Dr. Chicoine, a chiropractor. Under the employment arrangement, Woods would take a contingent fee of one-third and pay Dr. Chicoine's bill out of the settlement proceeds. The claim was settled for $2,575.00. Plaintiff endorsed the insurance company check, signed a release and left the check with Woods.
The chronology of events is as follows:
(1) April 29, 1986 personal injury claim was settled, but plaintiff did not receive his share of the proceeds. Woods told him it would take about 30 days for the check to clear and that he should return then.
(2) About 30 days later, in May 1986, plaintiff went to Woods' office to inquire why payment had not been made, but received nothing.
(3) One week later, plaintiff returned, but again left empty-handed.
(4) May or June 1986, plaintiff spoke with an employee of the insurance company who told him the check had already been paid and he should have already received his money. Plaintiff then confronted Woods, but again left unpaid. Thereafter Woods refused to see him.
(5) Plaintiff reported Woods to the Ethics Committee of the Louisiana State Bar Association.

*1158 (6) Late June or early July 1986, plaintiff hired attorney Donald Martin to recover from Woods stating "I felt like [Woods] was putting me off, because he didn't think that I would take the steps necessary to get my money." Martin was unable to get the money.
(7) November 1986, plaintiff learned Woods was being criminally investigated and had left town. Plaintiff did not contact either Woods or Martin again.
(8) May 19, 1987 plaintiff was told Dr. Chicoine's medical bill had not been paid.
(9) November 13, 1987 plaintiff received bankruptcy papers relating to Woods.
(10) Plaintiff visited the district attorney to give him facts for a possible criminal charge against Woods.
(11) February 22, 1988 the petition was filed for malpractice.
The defendant insurance company filed an exception of prescription, contending plaintiff was aware of the alleged wrongful acts and omissions of the attorney long before one year of the date the petition was filed. The trial judge overruled the exception holding the case was subject to a ten year prescriptive period and thus had not prescribed; and alternatively, if the one year prescriptive period applied, the case had not prescribed because the plaintiff was not aware of his claim "until May 1987 and November 1987."

DISCUSSION
Perfect judgment is not required of an attorney; however, if his judgment falls below the required standard of care, his resulting liability is for breach of a legal, rather than a contractual duty. Montgomery v. Jack, 556 So.2d 267 (La.App.2d Cir. 1990), writ denied 559 So.2d 1377.
The action for legal malpractice generally sounds in tort and is subject to the one year prescriptive period in C.C. Art. 3492. Montgomery v. Jack, supra.
In the seminal case of Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983), writ denied 431 So.2d 773, a decision followed in Montgomery v. Jack, supra, the court found two exceptions where the ten year prescriptive period in C.C. Art. 3499[1] would apply instead of the normal one year period. The exceptions are (1) when the attorney guarantees a particular result and fails to produce the same, or (2) when the attorney agrees to perform some work for a client and does nothing whatsoever in furtherance of performing the said work.
The record is void of any evidence tending to show that Woods guaranteed a particular outcome of his work product. Neither does it show that Woods failed to do any work whatsoever after taking on the case. To the contrary, Woods worked to have the case settled and received payment for the claim. Although plaintiff never received any of the money, Woods' actions constituted substantial work toward completing the case. Since neither of the exceptions are present, the one year prescriptive period applies and the trial judge incorrectly failed to apply it.
The trial judge alternatively held that if the one year prescriptive period applied, it had not run because the plaintiff was not aware of his claim "until May 1987 and November 1987."
In Louisiana, prescription does not begin to run until damage is sustained.
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. C.C. Art. 3492.
Mere notice of a wrongful act will not suffice to commence the running of the prescriptive period. Damage is considered to have been sustained, within the meaning of the article, only when it has manifested itself with sufficient certainty to support accrual of a cause of action. Rayne State Bank & Trust Co. v. National Union Fire Insurance Co. et al., 483 So.2d 987 (La. 1986).
*1159 A plaintiff's awareness of alleged negligent acts or omissions of the attorney and of the fact that he would sustain damage or loss by reason thereof starts prescription running. A determination of the actual loss or exact extent of the plaintiff's damage, sustained as a result of the malpractice, is not required. Norwood v. Fish, 537 So.2d 783 (La.App.2d Cir.1989), writ denied 539 So.2d 634.
When McCray found out in May or June of 1986 from the insurance company that the money had been paid, he knew at that point Mr. Woods had misled him. Plaintiff even wrote the Ethics Committee of the Louisiana State Bar Association regarding Woods' performance and hired another attorney to collect from him. In the fall of 1986 plaintiff also learned Woods was being criminally investigated and had left town. It is apparent that plaintiff had sufficient knowledge of facts before the end of 1986 to begin the running of the one year period in which to file suit. Thus, his claim filed more than one year later, on February 22, 1988, is prescribed.
Factual findings of the trial court may not be set aside by this court absent finding the trial court was clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). However, the lower court was clearly wrong in finding the plaintiff was unaware of sufficient facts to start the running of prescription until May and November 1987.

DECREE
For reasons stated herein, the trial court's decision is reversed and judgment is rendered sustaining the exception of prescription and dismissing plaintiff's suit at his costs.
REVERSED.
NOTES
[1] Reflects article number after redesignation.